UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

SETTLEMENT CONFERENCE STANDING ORDER FOR
MAGISTRATE JUDGE KANDIS A. WESTMORE

*(Revised May 9, 2019)*

1. **Discovery:** Counsel shall ensure that whatever discovery is needed for all sides to evaluate the case for settlement purposes is completed by the date of the settlement conference. Counsel shall cooperate in providing discovery informally and expeditiously.

2. **Plaintiff must make formal demand:** If there have been no prior settlement discussions or demands, the plaintiff must serve a demand on the defendant in writing no later than 21 days before the conference, outlining its theories for recovery, the supporting facts, and damages. The plaintiff must include its demand in its exchanged settlement conference statement. The defendant must respond in writing prior to the meet and confer discussion, and include its response to the demand in its exchanged settlement conference statement.

3. **Meet and Confer requirement:** No later than 14 days before the settlement conference and prior to the preparation of their exchanged Settlement Conference Statements and their Confidential Settlement Letters, counsel for the parties must meet and confer (in person or by phone) to discuss, at a minimum, the following matters:

   a. Who will attend the conference on behalf of each party, including counsel and the person(s) with full authority to make the final decision as to whether any settlement offer is made, accepted, or rejected.

   b. Which persons or entities must approve a proposed settlement agreement before it can be executed, as well as the nature and duration of any such approval process.

   c. Whether insurance is available to cover all or part of the claimed losses or to fund all or part of any party's defense; whether tenders have been made to any insurance companies; and if insurance is available, the name of and position held by each claims representative who will be attending the settlement conference.

   d. Whether there are particular documents or other tangible things that should be brought to the conference (e.g., to educate the settlement judge or to support or explain significant contentions).

   e. Any unusual issues or factors that could come into play in the settlement negotiations, or any especially sensitive matters that other counsel should be alerted to before the conference.

4. **Who must attend:** Lead trial counsel shall appear at the settlement conference with the parties.  Any party who is not a natural person shall be represented by the person(s) with full authority to negotiate a settlement.  An insured party shall appear with a representative of the carrier with full authority to negotiate up to the limits of coverage.  A person who needs to

call another person not present before agreeing to any settlement does not have full authority. If a party is a governmental entity, its governing body shall designate one of its members or a senior executive to appear at the settlement conference with authority to participate in the settlement conference and, if a tentative settlement agreement is reached, to recommend the agreement to the governmental entity for its approval.  Personal attendance of a party is mandatory and will rarely be excused by the Court, and then only upon a written request that is timely under the circumstances and that demonstrates extraordinary hardship.  Personal attendance may be excused only upon written authorization from the Court.

5. **Settlement Conference Statements and Confidential Letters:** Each party shall prepare a Settlement Conference Statement and may prepare an optional, Confidential Settlement Letter, which must be LODGED via mail or hand delivery with the undersigned's chambers (NOT electronically filed), and must be **received** no later than **10** calendar days prior to the conference.  Please 2-hole punch the documents at the top.  Each party shall also email their Settlement Conference Statement and Confidential Settlement Letter, if applicable, in .pdf format to KAWsettlement@cand.uscourts.gov.

6. **The Settlement Conference Statement** shall be served on opposing counsel.  It may not exceed 10 pages of text and 20 pages of exhibits, which must be tabbed.  All references to exhibits should cite to specific page numbers.  <u>Failure to timely lodge a settlement conference statement may result in your settlement conference being vacated.</u>

   The Settlement Conference Statement shall include the following:

   a. <u>Substance of the Suit.</u> Describe briefly the substance of the suit, including the following:

      i. A brief statement of the facts of the case.

      ii. The claims and defenses, including the statutory or other grounds upon which the claims are founded.

      iii. A summary of the proceedings to date, including a list of the motions previously made, the dispositions, and any pending motions.

      iv. A statement of facts not reasonably in dispute.

      v. A list of the key facts in dispute and the specific evidence relevant to a determination of those facts.

      vi. Any discrete issue that, if resolved, would facilitate the resolution of the case.

      vii. A brief statement of issues of law with respect to liability and damages.  The statement must include citations to statutes and cases, but extended legal argument is not necessary.

   b. <u>Relief Sought.</u> A statement of the relief sought, including an itemization of damages and any non-monetary relief sought.

    c. <u>Settlement Discussions/Demand and Response.</u>  Except to the extent prohibited by applicable rules of privilege, describe the history and current status of any settlement negotiations, including the parties' positions on settlement (including present demands and offers), a summary of past settlement discussions, and a current reasonable proposal of settlement. There must be a current demand and response made before the settlement conference, and those must be included in the settlement conference statements.

7. **Additional Settlement Information:** The parties must submit the additional information listed below either in the exchanged statement or in a separate, optional Confidential Letter that is not served on the other parties, and which may not exceed 5 pages of text.

    a. <u>Settlement Analysis:</u>

        i. Separately for each principal claim and defense, a forthright evaluation of the strengths and weaknesses and likelihood that the party submitting the Confidential Letter will prevail.  Citations to any key legal authorities relied upon by the parties as part of this evaluation shall be provided.

        ii. Why do the parties' assessments of the settlement value of the case differ?

    b. <u>Litigation Costs:</u> A statement of litigation costs and attorney's fees to date and estimated costs, fees and time projected for further discovery, pretrial proceedings, and trial.

        i. If plaintiff seeks attorneys' fees and costs, plaintiff's counsel shall provide sufficient information to enable the fee claim to be evaluated for purposes of settlement, and shall provide the basis, statutory or otherwise, for such an award.

    c. <u>Additional Information.</u>  Include any information about other needs, interests or considerations that might be pertinent to settlement.  That information may include the following:

        i. What needs of your client must be met for the parties to reach a settlement?

        ii. What needs of the opposing party must be met to reach a settlement?

        iii. A description of the principal obstacles (factual, legal, or other) to reaching agreement, and what might be done to solve them.

        iv. Do you have enough information to discuss settlement, and, if not, what additional information is needed?

        v. What are the consequences to each side if no settlement is reached?

    d. <u>A realistic settlement figure</u> or terms (including any non-monetary terms) that, given all the circumstances, the party submitting the Confidential Letter would consider seriously.

    e.  Where the party is insured or is a governmental entity, any foreseeable barriers to insurance coverage or approval of a proposed settlement, or special concerns that the insurer or governmental entity might want addressed.

    f.  A brief discussion of any of the subjects identified in Section 6 of this Order that might be significant in the settlement dynamic.

8. **Length of the Conference:** Settlement conferences routinely last 3 or more hours, and the parties and their representatives should be prepared to work until 4:00 p.m. if necessary.

9. **Further Settlement Conferences**

    a. <u>Updated Statements:</u> Unless explicitly relieved of this requirement, the parties shall lodge updated settlement conferences statements **10** days prior to the further settlement conference, in accordance with Sections 6 and 7, to inform the Court of the status of the action and any developments that have occurred since the last settlement conference.

    b. <u>Confidential Letters:</u>  The parties may also lodge a confidential settlement letter with chambers, in accordance with Section 7.

    c. <u>Email:</u> In addition to lodging hardcopies, the parties shall email their updated statements and confidential letters, if applicable, in .pdf format to KAWsettlement@cand.uscourts.gov.

10. **If the case settles prior to the settlement conference,** the parties shall immediately file a notice of settlement, and notify Judge Westmore's Courtroom Deputy at (510) 637-3525 that the case has settled.

11. **Confidentiality:** Parties are encouraged to frankly discuss their case, and any statements made during the conference will not be admissible at trial in the event the case does not settle.  The parties and their representatives should be prepared to discuss such issues as their settlement objectives; any impediments to settlement they perceive; whether they have enough information to discuss settlement and if not, what additional information is needed; and the possibility of a creative resolution of the dispute.